Pasquale **FIUMARA**

v.

**TEXACO, INC.**, Sinclair Refining Company, Humble Oil & Refining Company, Gulf Oil Corporation, Richfield Oil Corporation of New York.

Civ. A. No. 36386.

United States District Court
E. D. Pennsylvania.

April 5, 1965.

A. E. Hurshman, Philadelphia, Pa., for plaintiff.

Henry T. Reath, Duane, Morris & Heckscher, Philadelphia, Pa., James O. Sullivan, Paul B. Wells, New York City, for Texaco, Inc.

Miles W. Kirkpatrick, Morgan, Lewis & Bockius, Philadelphia, Pa., Henry F. Hartmann, New York City, for Humble Oil & Refining Co.

John T. Clary, Philadelphia, Pa., for Gulf Oil Corp.

Robert W. Sayre, Philadelphia, Pa., Frank R. Clampitt, New York City, for Sinclair Refining Co. and Richfield Oil Corp. of New York.

BIGGS, Chief Judge.

The plaintiff in this case, Pasquale Fiumara, has filed a motion requesting the constituting of a three-judge court pursuant to 28 U.S.C. § 2284 to determine the constitutionality of the Removal Statute, 28 U.S.C.A. § 1441, and the District Judge to whom the application was made has written me respecting the duty imposed on him by Section 2284, citing the opinions written by me as Chief Judge of the Third Circuit in Miller v. Smith, 236 F.Supp. 927 (1965), and Kirk v. State Board, 236 F.Supp. 1020 (1964). The District Judge with expertness and clarity has posed the issue as to whether or not a chief judge of a circuit must make a determination that a case is one to be determined by a three-judge court under Section 2284 whether or not the district judge to whom the application was made has or has not so decided.

On reviewing the opinions in the two cited cases I find that I have caused unnecessary confusion and that what I stated respecting the duties of a district judge to whom a Section 2284(1) application is made and the duties of the chief judge in respect to that application was very far from clear.

In the Kirk case, supra, 236 F.Supp. 1021–1022, it was stated: "He [the district judge to whom the application was made] does not state that a three-judge statutory court is necessary in his opinion, *but even had he done so, the question of whether the issues raised are justiciable by a three-judge statutory court is one which also must be determined by the Chief Judge of the Circuit.*" (Emphasis added.)

In the Miller case, supra, 236 F.Supp. at 931, it was said: "But is there a remedy other than an appeal to the Supreme Court to aid the injured litigant in the case where a district judge has given notification to the chief judge of the circuit of the filing of a case which on the pleading requires adjudication by a three-judge court and the chief judge erroneously fails or refuses to act upon the notification by constituting such a court? I conclude that the remedy of

mandamus is available and that the Supreme Court would issue such a writ to a chief judge who failed to act." (Note 8 omitted.)

The language quoted from the two opinions, when read together, is ambiguous. And that ambiguity should be corrected. It was my intention to make it clear that the district judge to whom the Section 2284(1) application is made must as an independent judicial function determine whether or not in his judgment the case is one required to be determined by a three-judge statutory court. If he decides that it is such a case he shall, as required by the statute, notify the chief judge of the circuit and request the chief judge to designate such a court as required by the statute. The chief judge of the circuit shall then, and only then, exercise as an independent function his judgment as to whether or not the case is one which requires determination by a three-judge statutory court. In short, the concurrence of the separate and independent judicial acts of the district judge and the chief judge of the circuit is required for the constituting of a three-judge statutory court. On the other hand, if the district judge to whom the application is made decides that the case is not of a kind requiring a three-judge statutory court, then the chief judge of the circuit has no judicial function to perform. Under such circumstances the remedy of the litigant is to apply to the Supreme Court for mandamus. See Miller v. Smith, supra, 236 F.Supp. at 931. If the district judge decides that the case is one requiring determination by a three-judge court and notifies the chief judge and requests him to constitute a three-judge court, and the chief judge fails to do so, in my opinion the remedy is by mandamus to the Supreme Court. Ibid.

In the instant case, the District Judge to whom the motion was made has not decided whether or not the case is one requiring the designation of a three-judge court. It is therefore my opinion that no duty is presently imposed upon me as Chief Judge of the Third Circuit

to decide whether or not I should constitute a three-judge statutory court to determine the case at bar and that no such duty will be imposed upon me unless and until the District Judge notifies me and requests me to constitute a three-judge statutory court in accordance with the statute. Consequently I shall enter no order in this case at this time.