James SMITH, Thelma Barnes, Clarence Hall, Sidney Alexander and Jessie Thompson, individually and as incorporators of Delta Opportunity Corporation, Plaintiffs,

v.

Heber LADNER, individually and as Secretary of State of the State of Mississippi, Joe T. Patterson, individually and as Attorney General of the State of Mississippi, and Paul B. Johnson, individually and as Governor of the State of Mississippi, Defendants.

Civ. A. No. 3905J.

United States District Court
S. D. Mississippi.

Oct. 11, 1966.

---

Carsie A. Hall, Jack Young, Edward H. Tucker, R. Jess Brown, Jackson, Miss., for plaintiffs.

Joe T. Patterson, Atty. Gen. State of Miss., Martin R. McLendon, Asst. Atty. Gen. State of Miss., Jackson, Miss., for defendants.

Before COLEMAN, Circuit Judge, and COX and RUSSELL, District Judges.

JOHN R. BROWN, Acting Chief Judge.

Whereas Honorable Elbert P. Tuttle, Chief Judge of the United States Court of Appeals for the Fifth Circuit, is outside of the Circuit and temporarily unable to perform his duties as Chief Judge; and whereas the undersigned is a Circuit Judge in active service, present in the Circuit, under 70 years of age, next in precedence, and able and qualified to act as Chief Judge pursuant to 28 U.S.C.A. § 45(d); and whereas in my judgment, the public interest so requires; and

The Honorable Dan M. Russell, Jr., United States District Judge for the Southern District of Mississippi, to whom an application for injunction and other relief has been presented in the above-styled and numbered cause, having notified me that the action is one required by Act of Congress to be heard and determined by a district court of three Judges, I, John R. Brown, Acting Chief Judge of the Fifth Circuit, hereby designate the Honorable James P. Coleman, United States Circuit Judge, and the Honorable William Harold Cox, United States District Judge for the Southern District of Mississippi, to serve with Judge Russell as members of, and with him to constitute the said Court to hear and determine the action.

This designation and composition of the three-judge court is not a prejudgment, express or implied, as to whether this is properly a case for a three-judge rather than a one-judge court. This is a matter best determined by the three-judge court as this enables a simultaneous appeal to the Court of Appeals and to the Supreme Court without the delay, awkwardness, and administrative insufficiency of a proceeding by way of mandamus from either the Court of Appeals, the Supreme Court, or both, directed against the Chief Judge of the Circuit, the presiding District Judge, or both. The parties will be afforded the opportunity to brief and argue all such questions before the three-judge panel either preliminarily or on the trial of the merits, or otherwise, as that Court thinks appropriate.