**Barry W. LANGFORD et al., Plaintiffs,**

v.

**James E. BARLOW, District Attorney of Bexar County, Texas, et al., Defendants.**

**Civ. A. No. 68–172.**

United States District Court
W. D. Texas,
San Antonio Division.

Aug. 9, 1968.
Sept. 22, 1969.

**658**

Woody & Rosen, Houston, Tex., for plaintiffs.

Lonny Zwiener, Asst. Atty. Gen. of Texas, Austin, Tex., for defendants.

JOHN R. BROWN, Chief Judge.

Subsequent to the lodging of the appeal from the order of August 9, 1968 declining to certify the case to the Chief Judge for the constitution of a three-Judge Court, an appeal was lodged with the United States Court of Appeals for the Fifth Circuit, 304 F.2d 628, lodged as No. 26770, Barry W. Langford et al., appellants v. Barlow et al., appellees, the submission of the appeal having been postponed from time to time pending the determination of then known three-Judge cases raising similar issues in the District Courts of Texas. Subsequently, Chief Judge Adrian A. Spears, Western District of Texas, submitted his request of August 6, 1969 (copies of which went to counsel and parties) attached hereto as Exhibit 1, requesting that in view of the decision of the Chief Judge in Jackson v. Department of Public Welfare of the State of Florida, S.D.Fla., 1968, 296 F.Supp. 1341; City of Gainesville, Georgia v. Southern Railway Company, N.D.Ga., 1969, 296 F.Supp. 763; Smith v. Ladner, S.D.Miss., 1966, 260 F.Supp. 918; and the Court of Appeals in Jackson v. Choate, 5 Cir., 1968, 404 F.2d 910, that a three-Judge Court be constituted in this case. To this intervening factor Chief Judge Spears also emphasized the possible conflict in holdings between Stein v. Batchelor, three-Judge, N.D.Tex., 1969, 300 F.Supp. 602 and the decision of the Western District in Fontaine v. Dial, W.D.Tex., 1969, 303 F.Supp. 436.

As the Court of Appeals for the Fifth Circuit (Judges Thornberry, Morgan and Carswell) has simultaneously with the execution of this order, entered an order vacating the prior judgment in No. 26770 and remanding the case for further consistent proceedings, and this procedure will assure that everyone's rights are carefully preserved, I deem it appropriate to constitute a three-Judge Court for the trial and hearing of the above cause and therefore I, John R. Brown, Chief Judge of the Fifth Circuit hereby designate the Honorable Homer Thornberry, Circuit Judge and the Honorable Darwin Suttle, District Judge to serve with Chief Judge Adrian Spears as members of, and with him to constitute the said Court to hear and determine the action.

This designation and composition of a three-Judge Court is not a prejudgment, express or implied, as to whether this is properly a case for a three-Judge rather than a one-Judge court. This is a matter best determined by the three-Judge Court as this enables a simultaneous appeal to the Court of Appeals and to the Supreme Court without the delay, awkwardness, and administrative insufficiency of a proceeding by way of mandamus from either the Court of Appeals, the Supreme Court, or both, directed against the Chief Judge of the Circuit, the presiding District Judge, or both. The parties will be afforded the opportunity to brief and argue all such questions before the three-Judge panel either preliminarily or on the trial of the merits, or otherwise, as that Court thinks appropriate. See Jackson v. Choate, 5 Cir., 1968, 404 F.2d 910; Jack-

son v. Department of Public Welfare of the State of Florida, S.D.Fla., 1968, 296 F.Supp. 1341; City of Gainesville, Georgia v. Southern Railway Company, N.D.Ga., 1969, 296 F.Supp. 763; Smith v. Ladner, S.D.Miss., 1966, 260 F.Supp. 918; Hargrave v. McKinney, M.D.Fla., 1969, 302 F.Supp. 1381.

EXHIBIT 1

## UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF TEXAS

CHAMBERS OF
ADRIAN A. SPEARS
CHIEF JUDGE

P. O. BOX 798
SAN ANTONIO, TEXAS 78206

August 6, 1969

Honorable John R. Brown
Chief Judge
United States Court of Appeals
for the Fifth Circuit
United States Courthouse
Houston, Texas

Re: Civil Action No. 68–172–SA
Langford v. Barlow

Dear Chief Judge Brown:

In the above cause, I entered a judgment on August 9, 1968, in which I denied a request for the designation of a three-judge court.

An appeal was taken and the case was docketed in the Court of Appeals as No. 26,770, where it is still pending.

In view of the subsequent decision in Jackson v. Choate, 404 F.2d 910 (5th Cir. 1968), I consider it is my duty to inform you with reference to the foregoing, so that if you feel a three-judge court should have been designated, pursuant to the guidelines set forth in Choate, the matter can be remanded to this court for further proceedings. In this connection, it is my understanding that plaintiffs did not seek a writ of mandamus in the Court of Appeals.

In addition to denying the request for the designation of a three-judge court, I expressed the opinion that Article 527 of the Texas Penal Code is not, on its face, constitutionally defective for any reasons urged by plaintiff, and that since the defendants in prosecuting plaintiff under the statute were engaged in the enforcement of a valid criminal law, I would not interfere by granting the injunctive relief requested.

Since the judgment in this case was entered, however, a three-judge court in the recent case of Stein v. Batchelor, (C.A. 3–2951–B, N.D. Tex.1969), has held that Sections 1 and 3 of the Act are unconstitutional, but that Section 6 of the Act, which does not require a prior adversary hearing before the seizure of allegedly obscene matter, is not unconstitutional on its face. Needless to say, the decision in the Stein case that Section 3 of the statute is unconstitutional is not in agreement with my judgment, and a three-judge court, of which I was a

member, has now held in Fontaine v. Dial, SA69CA136, —— F.Supp. —— (W.D.Tex.1969), in an opinion written for the court by me, that an adversary hearing to determine the question of obscenity must be held prior to the seizure of allegedly obscene motion picture films. A copy of that opinion is enclosed herewith for your information.

Although the "prior adversary hearing" question was not clearly presented or forcefully argued in Langford, and I did not really consider it as an issue in the case, a re-reading of the complaint convinces me that the conclusion could reasonably be reached that it was nevertheless there. To the extent, therefore, that my decision refusing injunctive relief in Langford could be construed as a holding, directly or indirectly, that an adversary hearing prior to the seizure of allegedly obscene motion picture film is not required, it would certainly be in conflict with the holding in Fontaine. But, in any event, on the basis of the Stein decision alone, it is clear that there are sufficient conflicts and disagreements to indicate that other judges on a panel might very well disagree with conclusions I have reached. In this connection, I am mindful of the language you used in Choate that: "It is the better course—certainly from an administrative standpoint—to forego the doubts, constitute a three-judge court, and allow that court to determine initially this and other issues."

Under the circumstances, if it is not too late or improper for me to do so, and in the interest of proper court administration, I respectfully request that this cause be remanded to this court, and that a three-judge court be designated to consider all questions involved.

With best regards, I am

Sincerely yours,

Adrian A. Spears
United States District Judge

cc: Mr. Clyde W. Woody
　　Mr. James E. Barlow
　　Mr. John Quinlin, III
　　Mr. Lonny Zwiener
　　Mr. Preston H. Dial, Jr.
　　Mr. Wayland A. Simmons