**Francis Albert SINATRA, Petitioner,**

v.

**NEW JERSEY STATE COMMISSION OF INVESTIGATION, William F. Hyland, Charles L. Bertini, Glen B. Miller, Jr., James T. Dowd, Members,**

**Andrew F. Phelan, Executive Director,**

**The Honorable Frank J. Kingfield, Judge of the Superior Court of Mercer County, New Jersey, Respondents.**

**Civ. A. No. 1409–69.**

United States District Court, D. New Jersey.

Jan. 19, 1970.

Bruce W. Kauffman, William T. Coleman, Jr., David H. Pittinsky, Louis M. Natali, Jr., Dilworth, Paxson, Kalish, Kohn & Levy, Philadelphia, Pa., for petitioner.

Feinberg & Ginsburg, Atlantic City, N. J., for N. J. State Commission of Investigation.

## OPINION

HASTIE, Chief Circuit Judge.

The complaint in this case seeks to restrain the New Jersey State Commission of Investigation from "taking any further action against or with respect to plaintiff". It appears that the Commission is attempting to compel the plaintiff to appear before it and to supply information in connection with an investigation now in progress. Contending that the state statute which provides for the organization and functioning of the Commission and pursuant to which the Commission is making demands upon him deprives him of rights secured by the Constitution of the United States, the plaintiff has asked that a statutory district court of three judges be convened under the provisions of sections 2281 and 2284 of Title 28, United States Code, to decide this controversy.

A district judge has considered the plaintiff's request and has declined to submit the matter to the chief judge of the circuit for the assignment of two other judges to sit with him; that being the procedure prescribed by section 2284 for constituting a statutory court of three judges. Now the plaintiff has submitted directly to me as chief judge of the circuit a motion asking that I constitute a statutory court to consider and

decide this case, despite the failure of the district judge to request such action.

As an extraordinary judicial institution, the three-judge district court, which must be specially convened to adjudicate certain types of controversies, is a creature of congressional legislation. Its role, its composition and the manner of designating its members are all prescribed by statute. Yet, the statute leaves judges without clear indication of congressional intention as to many matters inherent in the administration of the statutory scheme.[1] The present case presents one such uncertainty.

Section 2281 specifies that the enforcement or operation of a state statute can be enjoined only if "the application therefor is heard and determined by a district court of three judges under section 2284 of this title." Section 2284 provides that "[i]n any action or proceeding required by Act of Congress to be heard and determined by a district court of three judges the composition and procedure of the court * * * shall be as follows:

"(1) The district judge to whom the application for injunction or other relief is presented shall constitute one member of such court. On the filing of the application, he shall immediately notify the chief judge of the circuit, who shall designate two other judges, at least one of whom shall be a circuit judge. * * * *"

Nothing more is said about the role, responsibility or authority of the chief judge of the circuit in this connection. One of the unspecified matters is whether, absent notification by a district judge that in his view a particular case before him requires a three-judge court, the chief judge of the circuit has authority to constitute such a court upon the basis of his own judgment that the statute requires such a tribunal for the disposition of a pending case. That is

---

1. *See generally* Currie, The Three-Judge District Court in Constitutional Litigation, 1964, 32 U.Chi.L.Rev. 1; American Law Institute, Study of the Division of Jurisdiction Between State and Federal Courts, Tent.Draft No. 6, 1968, 249–57; Note, 1969, 54 Cornell L.Rev. 928.

the issue which the plaintiff's application requires me to decide.

Until the 1937 enactment of the present provisions of section 2284, the judge to whom the original application for relief was submitted decided preliminarily whether the case required a three-judge court and, if he so determined, then selected two other judges to sit with him.[2] On its face, the present section 2284 has changed that situation only in charging the chief judge of the circuit with the responsibility to designate the two additional judges after the original judge has notified him that a three-judge court is needed. The advantage of such a change is obvious since the administrative function of assigning circuit and district judges to three-judge courts as need arises from time to time throughout a circuit can be discharged more systematically and in a more informed way by the circuit chief judge than by every trial judge who has a case requiring such designations. If a greater change than this was intended by the narrow statement of the chief judge's role in section 2284, something should appear to indicate that intention.

It may well be that, since section 2281, authorizes statutory three-judge courts only in stated circumstances, a circuit chief judge, advised by a district judge that in his judgment a particular case requires a three-judge court should determine for himself that the statute applies to that case before constituting a statutory court.[3] But this provides no escape from the fact that section 2284 as enacted does not assign the circuit chief judge any role whatever, administrative or decisional, until a trial judge shall have requested him to act in a particular case.

Such considerations led Chief Judge Biggs, the acute long-time chief judge of this circuit, to conclude that " * * * if the district judge to whom the application is made decides that the case is not of a kind requiring a three-judge statutory court, then the chief judge of the circuit has no judicial function to perform".[4] The same conclusion has been reached in the District of Columbia Circuit by Chief Judge Prettyman and by Acting Chief Judge Fahy.[5] It was Judge Fahy's view that "[i]f the District Judge erred in not notifying the Chief Judge to convene a three-judge court under section 2284, the error is not correctible by applying to the Chief Judge of the Circuit to convene a three-judge court. The statute contains no provision for such procedure, and there is no basis for judicially importing it into the statute". 283 F.2d at 370 (footnote omitted).

On the other hand, in the Fifth Circuit, Chief Judge Brown has reached a contrary result.[6] The case was an unusual one in which the court of appeals had been petitioned to mandamus a district judge to compel him to request the convening of a three-judge court. Thereafter, instead of the court of appeals acting in the mandamus proceeding, the chief judge, on his own initiative and despite the absence of a request by the district judge, convened a three-judge court, relegating to it the entire responsibility of deciding whether it was needed, and reasoning in substance that this

2. Act of June 18, 1910, ch. 309, § 17, 36 Stat. 557.

3. Miller v. Smith, E.D.Pa.1965, 236 F. Supp. 927 (Biggs, C. J.), leave to file petition for mandamus denied, 1965, Miller v. Biggs, 382 U.S. 805, 86 S.Ct. 92, 15 L. Ed.2d 113; Hobson v. Hansen, D.D.C. 1966, 256 F.Supp. 18 (Bazelon, C. J.); Soglin v. Kauffman, W.D.Wis.1967, No. 67–C–141 (Hastings, C. J.) described in Note, 1969, 69 Colum.L.Rev. 146 n. 9. Contra Smith v. Ladner, S.D.Miss.1966, 260 F.Supp. 918 (Brown, C. J.).

4. Fiumara v. Texaco, Inc., E.D.Pa.1965, 240 F.Supp. 325, 326. Chief Judge Biggs was responding to a letter from a district judge who was considering an application for a three-judge court and sought guidance.

5. Eastern States Petroleum Corp. v. Rogers, 1959, 105 U.S.App.D.C. 219, 265 F. 2d 593; Schneider v. Herter, D.C.Cir. 1960, 283 F.2d 368; see Comment, 1959, 16 Wash. & Lee L.Rev. 213.

6. Jackson v. Choate, 5 Cir. 1968, 404 F. 2d 910.

seemed the most sensible and expeditious way of avoiding time-consuming review of one district judge's determination that a three-judge court was not required. One may share such proper concern with the time-consuming character of appeals without finding statutory warrant for this method of avoiding them.

I find no sufficient justification for departing from the ruling of Chief Judge Biggs in his *Fiumara* opinion. Accordingly, the plaintiff's motion that the chief judge of the circuit convene a statutory court of three judges to hear and decide this case is denied.