431 F.2d 469
 Charles MAJURI and Joseph Caruano
v.
UNITED STATES of America, John N. Mitchell, Attorney General of the U. S., Frederick B. Lacey, United States Att'y for the District of New Jersey, and John Doe, any Federal Law Enforcement Officer
Joseph Caruano, Appellant in No. 18903
Charles Majuri, Appellant in No. 18904.
 No. 18903.
 No. 18904.
 United States Court of Appeals, Third Circuit.
 Argued June 23, 1970.
 Decided August 17, 1970.
 Certiorari Denied December 7, 1970.
 
 See 91 S.Ct. 245.
 Filindo B. Masino, Berk, Masino & Moonblatt, Philadelphia, Pa., for appellants.
 Frederick P. Hafetz, Justice Dept., Newark, N. J., for appellees.
 Before WINTER,* ALDISERT and GIBBONS, Circuit Judges.
 OPINION OF THE COURT
 GIBBONS, Circuit Judge.
 
 
 1
 On December 16, 1969 a Federal Grand Jury sitting at Newark, New Jersey, handed up a seven count indictment (Crim. No. 545-69) against appellants, Majuri and Caruano, along with others not parties to this action. Three counts of that indictment charged appellants with conspiracy to make, the making of, and the collection of extortionate extension of credit, in violation of 18 U.S.C. §§ 891, 892, and 894 (Supp. V, 1970). That criminal case was routinely assigned to the Honorable Leonard I. Garth for pretrial motions, and he directed a time schedule for the orderly filing, briefing and argument of such motions. In the criminal case the defendants have filed a motion to dismiss so much of the indictment as charges them with violations of 18 U.S.C. §§ 891, 892, and 894, on the ground that those sections of Title 18 were enacted by Congress without constitutional authority and in violation of the Ninth and Tenth Amendments to the United States Constitution. Their contention is that Congress is without power to prohibit intrastate loansharking.
 
 
 2
 Appellants' motion to dismiss the loansharking counts of the indictment is still pending and undecided in the district court, solely because of the pendency of the civil action in which this appeal arises. On March 30, 1970, appellants filed a complaint alleging the fact of indictment Crim. No. 545-69, and:
 
 
 3
 4. Plaintiffs alleged that Sections 891, 892, and 894 of Title 18, United States Code, are repugnant to the 9th and 10th Amendments to the United States Constitution, in that they are vague, speculative, and do not charge an offense cognizable under the United States Constitution.
 
 
 4
 5. Plaintiffs allege that unless the defendants are restrained from enforcement of these provisions, the plaintiffs will suffer severe and irreparable harm, as more fully set forth in the affidavits attached hereto.
 
 
 5
 Appendix at 19.
 
 
 6
 In the affidavits referred to, Majuri and Caruano allege their indictment, that they have been arrested, and that they are free on substantial bail awaiting trial. They also allege:
 
 
 7
 3. As a consequence of the same, they have already expended, and will be in the future obliged to expend, great sums of money, as well as to undergo grave personal inconvenience and anxiety in the preparation of a defense to these charges.
 
 
 8
 4. Unless the Defendants are enjoined and restricted from committing the threatened acts, the Plaintiffs will suffer great and irreparable damage in that they believe, upon the advice of counsel, that Sections 891, 892 and 894 of Title 18, U.S.C. are unconstitutional and repugnant to the 9th and 10th Amendments to the United States Constitution * * *.
 
 
 9
 Appendix at 24-25.
 
 
 10
 Defendants in this civil action are described in the complaint as "the sovereign, and Law Enforcement Officials charged with the Prosecution of these matters." The prayer for relief seeks a preliminary and a permanent injunction restraining the defendants from proceeding with "any prosecution based on the provisions of Sections 891, 892, and 894 * * *."
 
 
 11
 With the complaint and affidavits, appellants filed a motion pursuant to 28 U.S.C. § 2284 (1964) for the convening of a three-judge district court and a motion for a preliminary injunction. The civil action was also assigned to Judge Garth. Both motions were heard by him on April 13, 1970. No answering pleadings were filed but the United States Attorney appeared and filed an extensive memorandum raising legal issues as to the sufficiency of the complaint in several particulars.
 
 
 12
 The government contended (1) that the claim of unconstitutionality is so insubstantial as to be frivolous, and (2) that the complaint and affidavits show no basis for equitable relief. On May 7, 1970 the district court filed a memorandum and order disposing of these contentions. Recognizing that those courts which had considered the constitutionality of the subject statutes had uniformly upheld them,[1] it found, nevertheless, that the constitutional issue was at least sufficiently substantial to be beyond the province of a single judge. On the second issue, however, it held that the complaint failed to allege facts sufficient to invoke traditional equitable jurisdiction. Therefore, it denied injunctive relief, denied appellants' motion to convene a three-judge court, and dismissed the complaint.
 
 
 13
 Appellants filed notices of appeal and on May 19, 1970, applied to a panel of this court for injunctive relief pending appeal and for a stay of the judgment of the district court. The panel ordered an accelerated briefing schedule and referred those motions to the panel which would hear argument on the merits.
 
 
 14
 Although it was not always so,[2] it is now clear that, at least in cases where, as here, the district court enters an appealable order, review of a refusal to convene a three-judge court lies in this court. Gunn v. University Committee, 399 U.S. 383, 90 S.Ct. 2013, 26 L. Ed.2d 684 (1970); Mengelkoch v. Industrial Welfare Commission, 393 U.S. 83, 89 S.Ct. 60, 21 L.Ed.2d 215 (1968); Wilson v. City of Port Lavaca, 391 U.S. 352, 88 S.Ct. 1502, 20 L. Ed.2d 636 (1968); Schackman v. Arnebergh, 387 U.S. 427, 87 S.Ct. 1622, 18 L. Ed.2d 865 (1967); Buchanan v. Rhodes, 385 U.S. 3, 87 S.Ct. 33, 17 L.Ed.2d 3 (1966); Idlewild Bon Voyage Liquor Corp. v. Epstein, 370 U.S. 713, 82 S.Ct. 1294, 8 L.Ed.2d 794 (1962). Since in this case we affirm that refusal, we need not now decide whether or not there is jurisdiction in the court of appeals to grant preliminary injunctive relief pending appeal, or equivalent preliminary relief within the federal judicial system by way of mandamus pending appeal, or mandamus relief in the absence of an appealable order.[3]
 
 
 15
 Appellants contend that having found the federal constitutional question to be at least not frivolous, the district court should have made no further inquiry, but should thereupon have entertained the request for a three judge court as a matter of form. Principal reliance for this position is upon the language of Idlewild Bon Voyage Liquor Corp. v. Epstein, supra 370 U.S. at 715, 82 S.Ct. at 1296:
 
 
 16
 When an application for a statutory three-judge court is addressed to a district court, the court's inquiry is appropriately limited to determining whether the constitutional question raised is substantial, whether the complaint at least formally alleges a basis for equitable relief, and whether the case presented otherwise comes within the requirements of the three-judge statute. (Italics added)
 
 
 17
 Appellants emphasize that their prayer for relief asks for an injunction, that the complaint contains the words "irreparable injury" and that this is all the Supreme Court intended to require by the language "at least formally alleges a basis for equitable relief."
 
 
 18
 We do not agree. It is clear that in determining the substantiality of the claimed constitutional question the district court makes a judicial decision. Schneider v. Rusk, 372 U.S. 224, 83 S.Ct. 621, 9 L.Ed.2d 695 (1963); Ex parte Poresky, 290 U.S. 30, 54 S.Ct. 3, 78 L. Ed. 152 (1933); Fiumara v. Texaco, Inc., 240 F.Supp. 325, 326 (E.D.Pa. 1965); Miller v. Smith, supra note 2. Its function is analagous to that of a court reviewing a complaint for legal sufficiency under Rules 12(b)(1) or 12(b)(6) of the Fed.R.Civ.P. Hargrave v. McKinney, 413 F.2d 320, 324 (5 Cir. 1969). We cannot attribute to the Supreme Court the intention, in the same sentence of Idlewild Bon Voyage Liquor Corp. v. Epstein, supra 370 U.S. at 715, 82 S.Ct. at 1294, to distinguish between the district court's role in determining substantiality of a constitutional question and its role in determining the existence of a ground for equitable relief. Both decisions are judicial rather than ministerial. Both require that the district court look beyond the prayer for relief to the substantive allegations of the complaint.
 
 
 19
 Appellants suggest, however, that the decision as to substantiality of the federal constitutional question is "jurisdictional", at least in non-diversity cases, whereas a decision that the complaint fails to state a claim for equitable relief is a decision "on the merits" and hence one which by virtue of 28 U.S.C. § 2284 a single judge may not make. But it seems to us that a decision that a claimed question of constitutional law is insubstantial is even more clearly on the merits, and such decision is now a firmly established duty of a single district court judge. A finding of insubstantiality of the constitutional question is, moreover, one involving a more sophisticated judgment than that required to determine whether or not a complaint states a cause of action for injunctive relief. Over recent history far greater growth and change has taken place, and undoubtedly will continue to take place, in federal constitutional law than in the law of equitable remedies.
 
 
 20
 We agree, therefore, that it was the district court judge's duty to examine the complaint for substantive allegations which would support a claim for injunctive relief, and not to look merely at the prayer for relief and the conclusive allegation of irreparable injury.
 
 
 21
 Appellants are not faced with the choice of committing a violation of the criminal statute in order to test their constitutional contentions. There is no allegation that the pendency of the criminal charge inhibits them from engaging in protected activities. They do not allege that they should be free to continue intrastate loansharking. They say, only, that it is inconvenient and expensive to raise their constitutional contentions by appropriate pretrial and trial motions in the criminal case, though they have in fact done so. They do not even explain how it will be any less expensive to try the constitutional issues in this civil case than in the criminal case.
 
 
 22
 The district court, referring to Dombrowski v. Pfister, 380 U.S. 479, 85 S.Ct. 1116, 14 L.Ed.2d 22 (1965), and Reed Enterprises v. Corcoran, 122 U.S. App.D.C. 387, 354 F.2d 519 (1965), stressed in its memorandum the absence of any alleged infringement of first amendment rights. While activities protected by the first amendment are a common basis for injunctive relief against actual or threatened criminal prosecution, they are not the only activities worthy of such protection in appropriate circumstances. See, e.g., Hynes v. Grimes Packing Co., 337 U.S. 86, 98, 69 S.Ct. 968, 93 L.Ed. 1231 (1949); Cline v. Frink Dairy Co., 274 U.S. 445, 451, 47 S.Ct. 681, 71 L.Ed. 1146 (1927); Pierce v. Society of Sisters, 268 U.S. 510, 535, 45 S.Ct. 571, 69 L.Ed. 1070 (1925); Hygrade Provision Co. v. Sherman, 266 U.S. 497, 500, 45 S.Ct. 141, 69 L.Ed 402 (1925); Terrace v. Thompson, 263 U.S. 197, 214, 44 S.Ct. 15, 68 L.Ed. 255 (1923); Truax v. Raich, 239 U.S. 33, 37, 36 S.Ct. 7, 60 L.Ed. 131 (1915). We do not, by affirming, therefore, suggest agreement with a possible interpretation of the district court opinion, that first amendment rights are a sine qua non for injunctions against criminal prosecutions.
 
 
 23
 But, where, as here, the only allegation advanced in support of an injunction against a pending federal criminal prosecution is the inconvenience of that trial and the preference for a civil remedy before three judges instead of one, the complaint fails to state a claim for injunctive relief, and does not fall within the province of 28 U.S.C. §§ 2282 and 2284.
 
 
 24
 What is here approved is a judicious screening by the district courts of applications for three-judge panels. That screening should be done cautiously, of course, because of the procedural and jurisdictional morass into which litigants may be led by these troublesome three-judge court statutes. 28 U.S.C. §§ 2281, 2282, and 2284. But the role of the single district judge should be more than a conditioned reflex to such an application, especially now that the Supreme Court has provided for judicial review in the circuit courts of appeals at least when an appealable order has been entered.[4] In most if not all cases, refusal to convene a three-judge court will be accompanied by the denial of a preliminary injunction and hence will be appealable. 28 U.S.C. § 1292 (1964).
 
 
 25
 One other problem remains. The district court not only denied appellants' motions to convene a three-judge court and to grant a preliminary injunction, but also dismissed the complaint. On another record the latter step might well be questionable, since it would dispose, without hearing, of a possible claim for declaratory relief. See Note, The Federal Anti-Injunction Statute and Declaratory Judgments in Constitutional Litigation, 83 Harv.L.Rev. 1870 (1970). Such relief, assuming subject matter jurisdiction, would be available from a single judge. But the Declaratory Judgment Act, 28 U.S.C. §§ 2201-02 (1964), is limited in operation to those cases which would be otherwise within the jurisdiction of the federal courts. Jurisdiction in this case depends upon 28 U. S.C. § 1331 (1964), and there is no allegation in the complaint or affidavits of the requisite jurisdictional amount. The situation might be different if the suit challenged a state statute and jurisdiction were asserted under 28 U.S.C. § 1343 (1964). Hague v. C. I. O., 307 U. S. 496, 513, 59 S.Ct. 954, 83 L.Ed. 1423 (1939). The complaint here was properly dismissed. The order of the district court will be in all respects affirmed. All motions made in this court and not heretofore disposed of will be denied.
 
 
 
 Notes:
 
 
 *
 Circuit Judge of the Court of Appeals for the Fourth Circuit, sitting by designation
 
 
 [1]
 United States v. Perez, 426 F.2d 1073 (2 Cir., May 1, 1970); United States v. Biancofiori, 422 F.2d 584 (7 Cir. 1970); United States v. Curcio, 310 F.Supp. 351 (D.Conn.1970); United States v. Calegro De Lutro, 309 F.Supp. 462 (S.D.N.Y. 1970)
 
 
 [2]
 Stratton v. St. Louis S. W. Ry., 282 U.S. 10, 51 S.Ct. 8, 75 L.Ed. 135 (1930), Ex parte Metropolitan Water Co., 220 U.S. 539, 31 S.Ct. 600, 55 L.Ed. 575 (1911); Miller v. Smith, 236 F.Supp. 927 (E.D. Pa.1965)
 
 
 [3]
 See Gunn v. University Committee,supra; Jackson v. Choote, 404 F.2d 910, 912 (5 Cir. 1968); Lyons v. Davoren, 402 F.2d 890, 892 (1 Cir. 1968), cert. denied, 393 U.S. 1081, 89 S.Ct. 861, 21 L.Ed.2d 774 (1969); Sinatra v. New Jersey State Commission, 311 F.Supp. 678 (D.N.J. 1970).
 
 
 [4]
 See cases cited at 472 supra