Marc **DENNER** and Michael Melon, for themselves and all others similarly situated, Appellants,

v.

Frank **PETRUCCI**, ind., and as a Probation Officer of Essex County, and Patrick De Fazio, ind., and as Chief of Police of West Orange, N. J.; Wilbur Selander, ind., and as Chief of Police of Springfield, N. J.; Claude Colligan, ind. and as Acting Chief of Police of New Brunswick, N. J.; and Mitchell Dario, ind., and as Chief of Police of Bloomfield, N. J. and as representatives of all other Chiefs of Police of the State of N. J.

No. 19289.

United States Court of Appeals, Third Circuit.

Argued Jan. 29, 1971.

Decided Feb. 22, 1971.

As Amended April 6, 1971.

Roger A. Lowenstein, Law Dept., Newark, N. J., and Richard Chused, Rutgers Law School, Newark, N. J., for appellants.

Barry H. Evenchick, Deputy Atty. Gen., Trenton, N. J. (George F. Kugler, Jr., Atty. Gen., Trenton, N. J., on the brief) for appellees.

Before FORMAN, ALDISERT and GIBBONS, Circuit Judges.

## OPINION OF THE COURT

PER CURIAM.

Plaintiffs, both of whom had been convicted of a violation of N.J.S.A. 2A:170–8 which prohibits the use of marijuana, in this action before a three-judge district court sought an injunction (1) against enforcement of N. J.S.A. 2A:169A–1–10, the New Jersey narcotics offender registration statute, and (2) against enforcement of N.J.S.A. 2A:170–8, the statute prohibiting use of marijuana. The complaint also sought declaratory relief. The Attorney General of New Jersey moved to dismiss pursuant to Rule 12(b) Fed.R.Civ.P. on various grounds including abstention and failure to state a claim on which relief can be granted.

On July 30, 1970 the three-judge district court granted this motion in an order which recited that the court found no merit in the allegations of invalidity of the challenged statutes and concluded:

"Plaintiffs allege no substantial federal questions in their complaint. The complaint is dismissed for lack of jurisdiction."

On August 18, 1970 the plaintiffs filed a notice of appeal to this court. They assert jurisdiction here on the theory that the three-judge court dissolved itself and a single district judge entered a final order dismissing their complaint. 28 U.S.C. § 1291. Probably we would have jurisdiction to review such an order. See Wilson v. City of Port Lavaca, 391 U.S. 352, 88 S.Ct. 1502, 20 L.Ed.2d 636 (1968); Mengelkoch v. Industrial Welfare Comm., 393 U.S. 83, 89 S.Ct. 60, 21 L.Ed.2d 215 (1968); see also Majuri v. United States, 431 F.2d 469 (3d Cir. 1970), cert. denied, 400 U.S. 943, 91 S.Ct. 245, 27 L.Ed.2d 248 (1970), and cases therein cited. But the order appealed from read in its entirety was apparently intended as a decision on the merits of the complaint by a district court of three judges duly convened. That order denied a permanent injunction in an action required by 28 U.S.C. § 2281 to be heard by three judges. Appeal does not lie to this court, but to the Supreme Court. 28 U.S.C. § 1253.

No separate order or judgment was entered, and the language quoted above is at the least ambiguous. Interpreting this language to mean that the three-judge court intended to dissolve and have a single district court dismiss for lack of a substantial federal question, the appellants filed their notice of appeal to this court. If we dismiss their appeal without more they will be out of time for appeal to the Supreme Court. In view of the ambiguity in the district court opinion the cause will be remanded to that court for the entry of a clarifying order. If we have properly interpreted the district court's intention that order should state that the district court of three judges dismisses the complaint for failure to state a claim upon which injunctive relief may be given. The appellants may then file a notice of appeal from that order to the Supreme Court. If what was intended by the district court was the dissolution of the three-judge court and a dismissal by a single district court judge for lack of a substantial federal question the order should plainly so state, and appellants may file a new notice of appeal to this court.