Jeff **FORT** et al., Petitioners-Appellants,

v.

**Richard J. DALEY** et al., Respondents-Appellees.

**Charles Edward BEY** et al., Petitioners-Appellants,

v.

**Richard J. DALEY** et al., Respondents-Appellees.

Nos. 17736, 17737.

United States Court of Appeals, Seventh Circuit.

Aug. 7, 1970.

Marshall Patner, Patner & Karaganis, Chicago, Ill., for petitioners-appellants.

Edward V. Hanrahan, State's Atty., Thomas E. Brannigan, Edmund Hatfield, Raymond F. Simon, Chicago, Ill., Richard L. Curry, Corporation Counsel of the City of Chicago, Chicago, Ill., for certain respondents-appellees; Marvin E. Aspen, Howard C. Goldman, Assistant Corporation Counsel, of counsel.

Before SWYGERT, Chief Judge, and CUMMINGS and PELL, Circuit Judges.

SWYGERT, Chief Judge.

Plaintiffs appeal from an order of the district court striking their motions to convene a three-judge court and for a temporary restraining order prohibiting enforcement of the Illinois Mob Action and Disorderly Conduct Statutes. The district court struck plaintiffs' motions pursuant to local Rule 13(b), solely because of the failure of plaintiffs to file briefs in support of their motions. Plaintiffs also appeal from a judgment entered by the district court granting defendants' motions to dismiss their complaints. We reverse the judgment entered below on the ground that the district court erred in striking plaintiffs' request for a three-judge court. We remand for further proceedings and decline to rule upon the grounds offered for dismissal of plaintiffs' complaints until the district court determines whether a three-judge court is required.

Plaintiffs are members of the "Blackstone Rangers" street gang, sometimes known as the "Black P Stone Nation". Defendant Richard J. Daley is Mayor of Chicago; defendant James Conlisk is Superintendent of the Chicago Police Department; defendant Edward Buckney is a police captain in charge of the Gang Intelligence Unit of the Chicago Police Department; defendant John S. Boyle is Chief Judge of the Circuit Court of Cook County, Illinois; and defendant Edward V. Hanrahan is State's Attorney of Cook County, Illinois.

Plaintiffs, Jeff Fort and Charles Edward Bey, have filed separate but essentially identical class-action complaints. Count I of both complaints alleges that defendants Daley, Conlisk, and Buckney have conspired to suppress and chill plaintiffs' first amendment rights by prosecuting and threatening to prosecute them under the Illinois Mob Action and Disorderly Conduct Statutes.[1] Plaintiffs allege that prosecutions have been instituted only for the sake of harassment and intimidation, and that the statutes themselves are unconstitutionally vague and overbroad.[2] Count I seeks an

---

1. Ill.Rev.Stat. ch. 38, § 25–1(a) (1) provides:
(a) Mob action consists of any of the following:
(1) The use of force or violence disturbing the public peace by 2 or more persons acting together and without authority of law.
Ill.Rev.Stat. ch. 38, § 26–1(a) (1) provides:

(a) A person commits disorderly conduct when he knowingly:
(1) Does any act in such unreasonable manner as to alarm or disturb another and to provoke a breach of the peace.

2. The facts on which the presently pending prosecutions were allegedly based are as follows:
In the Fort complaint it is alleged that members of the plaintiff's group were

injunction against further harassing prosecutions and Count II seeks a declaratory judgment that the statutes are unconstitutional.

Count III of the complaints attacks various practices of the Cook County Prosecutor's Office and the Circuit Court of Cook County. Thus plaintiffs charge defendant Hanrahan with abdication of his duty to review and screen complaints filed by the police and defendant Boyle with failure to require at least some evidence against suspects before allowing complaints to be filed. Plaintiffs seek declaratory and injunctive relief against these practices.

Count IV of the Fort complaint seeks damages against all defendants for deprivation of plaintiffs' constitutional rights. Counts I and IV of the Bey complaint allege further unconstitutional police practices. They assert that plaintiffs were, in effect, held incommunicado for over seven hours because of an inadequate reporting system and the Chicago police practice of moving defendants from one facility to another after they have been arrested and before they are charged. Plaintiffs claim that this practice violated their right to counsel. In addition to damages, they pray for an injunction requiring defendants to establish an adequate reporting system and more rapid procedures for setting bail and to cease the practice of transferring arrestees from facility to facility before they are formally charged.

## I

We first consider the correctness of the district court's action in striking plaintiffs' motion for a three-judge court and a temporary restraining order.

The court relied upon Rule 13(b) of the District Court for the Northern District of Illinois which provides as follows:

Rule 13. Hearing of Contested Matters

\* \* \* \* \* \*

(b) Failure to file a supporting or answering memorandum shall not be deemed to be a waiver of the motion or a withdrawal of opposition thereto, but the court on its own motion or that of a party may strike the motion or grant the same without further hearing. Failure to file a reply memorandum within the requisite time shall be deemed a waiver of the right to file.

In its opinion the court held that the failure of plaintiffs to file timely briefs in support of their motions was a sufficient reason, standing alone, for striking or denying plaintiffs' motions.

■ We think this view misconceives the purpose of Rule 13(b). The undoubted intent of the drafters was to expedite preliminary proceedings. This purpose is sufficiently accomplished by permitting the court to decide the merits of a preliminary motion without consideration of supporting reasons offered in a brief prepared by the movant. Indeed, if the more drastic sanction of outright denial of the motion were contemplated by Rule 13(b), serious questions would arise concerning the consistency of that rule with the liberal pleading policy of the Federal Rules of Civil Procedure.

Fortunately we need not consider these questions since the clear words of Rule 13(b) demonstrate that motions may only be denied on the merits. Thus, the rule expressly provides that failure to file briefs "is not a waiver of the motion." Therefore, by striking

---

engaging in a peaceful protest march down the parkway in the center of Garfield Boulevard in Chicago, under the supervision and with the permission of the local police, when members of the Gang Intelligence Unit arrived and arrested them. The Bey complaint alleges that plaintiffs were engaged in peaceful discussions with the principal of Forrest-

ville High School in Chicago, at the latter's invitation, when members of the Gang Intelligence Unit arrived on the scene, uninvited by school authorities, and arrested plaintiffs. The only incident admitted in the complaint was a minor scuffle in which a student's glasses were accidentally knocked off and one lens broken.

plaintiffs' motions without expressly relying upon reasons other than noncompliance with Rule 13(b), we hold the district court erred.

■■ The defendants argue that we are empowered to correct the district court's error by independent consideration of whether a three-judge court should be convened in this case. The arguments advanced by defendants to support the denial of a three-judge court, raise difficult questions which have not been carefully briefed in this appeal.[3] This consideration alone cautions against deciding questions upon which we are not compelled to rule. Furthermore we think that the provisions of the three-judge statute contemplate that the district judge should in the first instance determine whether a three-judge court is required. Therefore, in accordance with our power to refuse to rule on questions not decided by the district court, we remand this case for consideration of the merits of plaintiffs' request for a three-judge court.

## II

Following its ruling on plaintiffs' preliminary motions, the district court dismissed plaintiffs' complaints on three grounds: (1) that plaintiffs' allegations in all counts were too conclusory to state a cause of action; (2) that the complaint against defendants Boyle and Hanrahan must be dismissed since those defendants were protected from suit by the doctrine of judicial immunity; and

(3) that the doctrine of abstention should be applied to stay plaintiffs' action "pending the outcome of state court proceedings." Defendants argue that, regardless of the error committed by the district court in failing to rule on plaintiffs' application for a three-judge court, we should consider the propriety of the dismissal of plaintiffs' complaints and affirm the judgment entered below for the reasons stated by the district court. We disagree.

■ Subsection 2284(5) of the Judicial Code provides that: "A single judge [in a case in which three judges are required by 28 U.S.C. § 2281] shall not * * * dismiss the action, or enter a summary or final judgment." On this basis the Supreme Court has fashioned a rule which permits a single judge to determine only the "jurisdictional" question of whether a three-judge court is required and not to decide any questions concerning the "merits" of plaintiff's complaint. Thus in Idlewild Bon Voyage Liquor Corp. v. Epstein, 370 U.S. 713, 715, 82 S.Ct. 1294, 1296, 8 L.Ed.2d 794 (1962), in reversing a determination by a single judge that the court could abstain from hearing plaintiff's case, the Supreme Court noted: "When an application for a statutory three-judge court is addressed to a district court, the court's inquiry is appropriately limited to determining whether the constitutional question raised is substantial, whether the complaint at least formally alleges

---

3. Defendants argue that plaintiffs' attacks on the Illinois Mob Action and Disorderly Conduct Statutes do not require a three-judge court after the recent decisions in Landry v. Daley, 280 F.Supp. 938 (N.D. Ill.1968), and United States v. Woodard, 376 F.2d 136 (7th Cir. 1967). In Ex Parte Poresky, 290 U.S. 30, 54 S.Ct. 3, 78 L.Ed. 152 (1933), the Supreme Court held that a single judge may dismiss a complaint requesting a three-judge court only if the federal constitutional question is "insubstantial," either because it is "obviously without merit," or because "its unsoundness so clearly results from the previous decisions of this court as to foreclose the subject and leave no room for the inference that the question

sought to be raised can be the subject of controversy." *Id.* at 32, 54 S.Ct. at 4. The Supreme Court has never decided whether decisions of lower federal courts may also render a constitutional attack "insubstantial." *See, e. g.*, Bynum v. Connecticut Commission on Forfeited Rights, 410 F.2d 173, 176 (2d Cir. 1969); Brotherhood of Locomotive Firemen & Enginemen v. Chicago, B. & Q. R. R., D.C., 225 F.Supp. 11, 21 aff'd sub nom. Brotherhood of Locomotive Firemen & Enginemen v. Certain Carriers, 118 U.S. App.D.C. 100, 331 F.2d 1020 (1964); Williams v. Ball, 294 F.2d 94, 95 (2d Cir. 1961), citing almost exclusively Supreme Court cases.

a basis for equitable relief, and whether the case presented otherwise comes within the requirements of the three-judge statute." Although the rule established by the Supreme Court is often difficult to apply, *see generally* D. Currie, The Three-Judge District Court in Constitutional Litigation, 32 U.Chi.L.Rev. 1, 21–29 (1964), we think the questions raised by the district court's dismissal of plaintiffs' complaints are arguably matters which should be decided by a three-judge court if, on remand, the district court determines such court is required by statute.[4] If we were to rule on these questions at this time, a three-judge court, if required, might be faced with difficult problems concerning the applicability of the doctrine of res judicata.[5] In conclusion therefore we think the interests of judicial economy and efficient judicial administration demand that we decline to rule on the questions raised by the district court's dismissal of plaintiffs' complaints until that court determines whether a three-judge court is required.

The judgment is reversed and the case remanded for further proceedings not inconsistent with this opinion.

4. Defendants argue that only Count II of plaintiffs' complaints presents a potential three-judge question and that the propriety of the district court's dismissal as regards the other counts must be considered in this appeal. We disagree. Certain issues which do not themselves require a three-judge court may, nevertheless, be considered by a three-judge court as claims pendent to a valid three-judge question. Florida Lime & Avocado Growers, Inc. v. Jacobsen, 362 U.S. 73, 80 S.Ct. 568, 4 L.Ed.2d 568 (1960). We think that if a three-judge court is required in this case, that court must be permitted to decide in the first instance whether the claims in the other counts can or should be considered as pendent claims. Rosado v. Wyman, 397 U.S. 397, 402, 90 S.Ct. 1207, 25 L.Ed.2d 442 (1970).

5. *See, e. g.*, Stratton v. St. Louis S. W. Ry., 282 U.S. 10, 15, 51 S.Ct. 8, 75 L.Ed. 135 (1930), in which it was held that a circuit court is without jurisdiction to hear an appeal from a single judge where

it subsequently develops that a three-judge court is required. There the Court said:

[T]o sustain a review upon such an appeal would defeat the purpose of the statute by substituting a decree by a single judge and an appeal to the Circuit Court of Appeals for a decree by three judges and a direct appeal to this Court. 282 U.S. at 16, 51 S.Ct. at 10.

This language suggests that any circuit court rulings on questions requiring a three-judge court are without jurisdiction and void. The latter case of Idlewild Bon Voyage Liquor Corp. v. Epstein, *supra*, modified this rule slightly, by allowing but not requiring the court of appeals to review the decision of a single judge that a three-judge court was not required. But the Court apparently reaffirmed the narrowest holding of *Stratton*, namely, that "a court of appeals was precluded from reviewing on the merits a case which should have originally been determined by a court of three judges." 370 U.S. at 715–716, 82 S.Ct. at 1296.