Peter J. BRENNAN, Secretary of Labor,
United States Department of Labor,
Plaintiff,

v.

Emanuel GREENBAUM, Individually and
as Co-Partner, trading as Cynwyd
Auto Body Shop, Defendant.

Civ. A. No. 73–2260.

United States District Court,
E. D. Pennsylvania.

May 30, 1974.

Alan J. Davis, Philadelphia, Pa., for plaintiff.

Robert C. Ozer, Philadelphia, Pa., for defendant.

## MEMORANDUM AND ORDER

CLIFFORD SCOTT GREEN, District Judge.

This is an action brought by the Secretary of Labor under section 17 of the Fair Labor Standards Act, 29 U.S.C.A. § 217. The complaint alleges that the defendant has not and is not paying employees at a rate not less than one and one-half times the regular wage rate at which employed for hours worked in excess of forty (40) hours a workweek and has not and is not maintaining adequate and accurate employment records. These allegations, if proven, would constitute violations of sections 7, 11(c), 15(a)(2), and 15(a)(5) of the Act, 29 U.S.C.A. §§ 207, 211(c), 215(a)(2), and 215(a)(5). The Secretary has requested an injunction enjoining defendant from these alleged violations and from withholding any overtime compensation found by the Court to be due to defendant's employees under the Act. The defendant has answered the complaint and filed a counterclaim. In his counterclaim, defendant asserts the unconstitutionality of a certain section of the Act and requests an injunction against the secretary's prosecution of this action against him. Subsequently, defendant requested this court to convene a three-judge district court for a hearing on his prayer for injunctive relief in his counterclaim.[1] The Secretary has filed a motion to dismiss the counterclaim and a memorandum in support thereof and in opposition to defendant's request for a three-judge court. These motions, on which oral argument has been heard on request, are presently before the Court.

The provision of the Act in controversy here is section 13(b)(10), 29 U.S.C.

---

1. 28 U.S.C.A. § 2282. An interlocutory or permanent injunction restraining the enforcement, operation or execution of any Act of Congress for repugnance to The Constitution of the United States shall not be granted by any district court or judge thereof unless the application therefor is heard and determined by a district court of three judges under section 2284 of this title.

A. § 213(b)(10) which is one of the sections providing that certain employees need not be paid time and a half for overtime as required by section 7, 29 U.S.C.A. § 207. It provides as follows:

"(b) The provisions of section 207 of this title shall not apply with respect to —

(10) any salesman, partsman, or mechanic primarily engaged in selling or servicing automobiles, trailers, trucks, farm implements, or aircraft if employed by a nonmanufacturing establishment primarily engaged in the business of selling such vehicles to ultimate purchasers."

The defendant operates a business of automobile body repair and is, to a very limited extent, engaged in general mechanical maintenance and repair of automobiles. The defendant denies liability under section 7 on the ground that he is exempted from its requirements by section 13(b)(10). In his counterclaim, he notes that the Secretary does not acknowledge section 13(b)(10) as an exemption applicable to him on the ground that defendant is not an "establishment primarily engaged in the business of selling such vehicles to ultimate purchasers." In his memorandum, defendant argues that the classification created by the conditioning phrase is not made pursuant to a valid legislative purpose but is the result of a concession to an industrial pressure group, the automobile lobby, which provides a competitive advantage to automobile dealers against competitors in the business of servicing and selling parts for automobiles. On the above basis, he argues further that conditioning the exemption under discussion on the phrase quoted above is an arbitrary and unreasonable standard of applicability and so violative of defendant's rights to due process and equal protection of the laws.

In his counterclaim and affidavit, he alleges that the continued prosecution of this suit by the Secretary will likely cause the collapse of his business. He avers that his is a small and marginal business with only fifteen (15) employees who are paid a very high hourly rate because of the skilled nature of the work; that if he has to pay an overtime rate for what amounts to the one-half hour in excess of eight hours worked each day, he would operate at a loss and necessarily would have to liquidate his business; and finally that the legal expenses he is incurring plus the shaken confidence of creditors and suppliers, to the extent they are aware of this lawsuit, threatens to collapse his business. Consequently, he has requested an injunction preliminarily and permanently enjoining the Secretary from prosecuting him for violations of the Act.

The issues involved in both motions may be determined by reference to the three-judge court request. In Idewild Bon Voyage Liquor Corp. v. Epstein, 370 U.S. 713, 715, 82 S.Ct. 1294, 1296, 8 L.Ed.2d 794 (1962), the Supreme Court stated an oft-quoted standard for assessing three-judge court requests, as follows:

"When an application for a statutory three-judge court is addressed to a district court, the court's inquiry is appropriately limited to determining whether the constitutional question raised is substantial, whether the complaint at least formally alleges a basis for equitable relief, and whether the case presented otherwise comes within the requirements of the three-judge court statute."

■■ The Secretary argues that the constitutional issue presented by the counterclaim is so frivolous that he is not stripped of his sovereign immunity and that the counterclaim should be dismissed. We cannot so conclude. The defendant's claim, read most favorably to him, is that the classification created by section 13(b)(10) is invidiously underinclusive. Of course, in the case of social welfare legislation, such as the Act involved herein, in order to demonstrate a violation of equal protection, as

applicable in the due process clause of the Fifth Amendment, defendant will have to prove that there is no rational basis for the classification pursuant to any legitimate congressional purpose. Realistically, of course, such a burden will be difficult to bear as demonstrated by the rather infrequent success over the years. Nevertheless, defendant has a right to the opportunity to attempt to prove the section constitutionally infirm. The use of the rational basis test in judicial review of legislation does not suspend the constitutional guarantees of due process or equal protection nor make constitutional challenges to such legislation non-justiciable. Hagans v. Lavine, 415 U.S. 528, 94 S.Ct. 1372, 1378–1380, 39 L.Ed.2d 577 (1974). Moreover, defendant's contention is not foreclosed by prior case law for we have found none which involved the challenge presented here to this section. Finally, we cannot say that the classification created by the section is so patently rational as to render defendant's contention frivolous.

■ However, we deny the defendant's requests for injunctive relief and for a three-judge court on the ground that he has not alleged a sufficient basis for equitable relief. It is unclear whether such allegations as are presented here, by defendant, for equitable relief against a pending suit, in which suit the same claim of unconstitutionality can be raised as a defense, can ever state a claim for equitable relief and so require a three-judge court. Cf. Majuri v. United States, 431 F.2d 469, 473 (3rd Cir. 1970), cert. den. 400 U.S. 943, 91 S. Ct. 245, 27 L.Ed.2d 248 (1970). However, it is clear that the requirement of *Idewild* that the complaint, here a counterclaim, at least formally allege a basis for equitable relief requires more than a mere allegation of irreparable harm. The single district court judge must look beyond the prayer for relief to the substantive allegations in support thereof. Overstock Book Company v. Barry, 436 F.2d 1289, 1292 (2nd Cir. 1970); Sellers v. Regents of University of California,

432 F.2d 493 (9th Cir. 1970) cert. den. 401 U.S. 981, 91 S.Ct. 1194, 28 L.Ed.2d 383 (1971); Majuri v. United States, supra; Iacona v. United States, 343 F. Supp. 600, 603–604 (E.D.Pa.1972). Of course, in passing upon the request for a three-judge court, the single district court judge must not make a decision even as to the adequacy of the claim for equitable relief if the question is arguable. However, an appraisal of the pleadings on file and notice of the rules of court convince us that the decision on defendant's claim for equitable relief cannot possibly be resolved in any manner save one, i. e. that defendant is not entitled to the relief sought. Cf. Utica Mutual Insurance Company v. Vincent, 375 F.2d 129, 131 n. 1 (2nd Cir. 1967), cert. den. 389 U.S. 839, 88 S.Ct. 63, 19 L.Ed.2d 102 (1967).

■ The harm asserted is that the continued prosecution of this suit by the Secretary will cause the collapse of the defendant's business through the shaken confidence of creditors and suppliers and legal expenses. We conclude that defendant's ability to assert its constitutional objection as a defense to the Secretary's action affords him an adequate remedy.

A judgment rendered in the primary action herein, measured by its impact upon the question of defendant's liability, would provide, if defendant is successful, the identical relief which defendant would be afforded by an injunction. The defendant must first establish the unconstitutionality of section 13(b)(10). However, this accomplishment, itself, would not free him from liability under the overtime provisions of section 7. The court would be faced with at least two possible alternative methods to cure this invalidity. First and most favorable to defendant, the court might strike the phrase limiting the exception to employees of an "establishment primarily engaged in the business of selling . . . vehicles to ultimate purchasers." In that case, defendant's employees may then come

within the exemption. This result would, of course, entitle defendant to judgment in the action by the Secretary. Under such circumstances, the court perceives no basis upon which the defendant would be entitled to equitable relief. The second, and more plausible alternative, open to the court upon a finding that the exemption is unconstitutional, would be to invalidate the entire exemption. In that case, no exemption would be applicable to defendant's employees and the Secretary would be entitled to judgment and, again, there would be no basis upon which the court could grant equitable relief to the defendant.

Finally, the only other basis for the allegation of irreparable harm and the inadequacy of the remedy of a defense to the Secretary's action is the difference in the length of time by which judgment would be rendered if defendant were allowed to proceed by injunctive hearing on his counterclaim rather than presenting his claim as a defense to the Secretary's action. However, this suit will continue to exist even if the court allows the defendant to proceed before a three-judge court on his prayer for injunctive relief, and doubt as to the outcome would remain. Moreover, except for the issue raised in the counterclaim, the disputes herein are minimal and so we find no appreciable difference between the two alternatives either in terms of time or legal fees. First, the Secretary's action, itself, is for injunctive relief. Second, the court shall immediately place this action in its trial pool. Third, any further possible argument as to the time differential ignores this court's ability under F.R.Civ.P. 42(b) to proceed with a separate trial on a particular issue in any action. This situation appears to be an appropriate one for the use of the flexibility provided for in that Rule if necessary.

In conclusion, since the only relief requested by defendant is injunctive and we have decided that such relief is not appropriate, we dismiss the defendant's counterclaim.