PINE TOWNSHIP CITIZENS' ASSOCIA-
TION, Edmund Valentine, trustee ad li-
tem, and David E. Graf, Edmund Valen-
tine and Ruth Ward, Individuals, Plain-
tiffs,

v.

Gene R. ARNOLD, David Figgins and
John Shaw, members of the Pine Town-
ship Zoning Hearing Board, Defendants.

Civ. A. No. 76–813.

United States District Court,
W. D. Pennsylvania.

July 5, 1978.

Marvin E. Fein, Pittsburgh, Pa., for plaintiffs.

Anthony P. Picadio, Burton C. Duerring, David W. Craig, Pittsburgh, Pa., for defendants.

## MEMORANDUM OPINION

COHILL, District Judge.

This action was filed on June 18, 1976 by the Pine Township Citizens' Association, an unincorporated association of residents, landowners, taxpayers and voters of Pine Township, Allegheny County, Pennsylvania and three individual members of this Association. Defendants are three members of the Zoning Hearing Board of Pine Township. Plaintiffs seek an injunction against the deprivation, under color of the law of the Commonwealth of Pennsylvania, of their rights and privileges under the United States Constitution. This action seeks a declaratory judgment declaring as repugnant to the Constitution of the United States certain statutes of the Commonwealth of Pennsylvania, namely Sections 916 and 1005 of the Pennsylvania Municipalities Planning Code, 53 P.S. 10916 and 11005, which require respectively that an appeal before a zoning hearing board from a zoning decision (one made by the township supervisors) proceed only after appellants provide a bond and after the issuance of a development permit. Plaintiffs also seek an injunction to restrain the use, enforcement, execution and application of said statutes by enjoining the defendant members of the Zoning Hearing Board of Pine Township to hear plaintiffs' appeals from zoning decisions of the township's Board of Supervisors without applying the bond and permit requirements of such allegedly unconstitutional statutes.

Plaintiffs seek the empanelment of a statutory three-judge court pursuant to 28 U.S.C. §§ 2281 et seq. Since this action was filed on June 18, 1976 it falls within the purview of the pre-August 12, 1976 provisions of 28 U.S.C. §§ 2281 et seq.

Jurisdiction is invoked pursuant to 28 U.S.C. §§ 1343, 2201, 2202, 2281; 42 U.S.C. §§ 1983, 1985; and the 14th Amendment to the United States Constitution.

This matter is before the court on motions to dismiss filed by the defendants and by the intervenor, Oxford Development Company which owns the 300 acres of land involved in this action. The court has heard argument on these motions and has received briefs from all parties.

I.

On February 19, 1975, the Pine Township Board of Supervisors rezoned some 300 acres in the township to permit the construction of a shopping mall, which rezoning was accomplished pursuant to a duly enacted Ordinance No. 90. On March 20, 1975, plaintiffs filed a Notice of Appeal pursuant to the Pennsylvania Municipalities Code with the zoning hearing board of Pine Twp., (53 P.S. 11005), which challenged the substantive validity of Ordinance No. 90.

On June 3, 1975, the Zoning Hearing Board quashed the appeal, ruling that it was filed prematurely. The ruling apparently was made prior to any hearing on the appeal itself. Plaintiffs then sought to appeal this order to the Court of Common Pleas of Allegheny County.

On August 25, 1975, Oxford Development Company, the intervenor herein and owner of the land rezoned under Ordinance # 90, submitted plans to the Pine Township Board of Supervisors and requested certain site and zoning approvals, etc. Plaintiffs on October 23, 1975 filed a Notice of Appeal with the Zoning Hearing Board, requesting a hearing on the substantive validity of Ordinance No. 90. Plaintiffs in this petition further alleged that the "landowner" had now submitted complete plans for development of the property. On December 1, 1975 the board of supervisors conditionally approved Oxford Development Company's applications. Plaintiffs thereafter amended their Notice of Appeal to include allegations as to the permit approvals.

On or about December 22, 1975 Oxford Development Company filed a petition with the Court of Common Pleas of Allegheny County, seeking to require appellants to post bond before proceeding with the Appeal from the initial decision of the Zoning Hearing Board, that is, the decision holding that plaintiffs' Appeal of March 20, 1975 was filed prematurely. The bond sought by the intervenor also apparently was to cover the appeals then pending before the Zoning Hearing Board as of December 22nd.

The Court of Common Pleas held hearings on the petition of Oxford Development Company, following which the plaintiffs were ordered to post a bond, the premiums for which would cost some $9,120 per month. Plaintiffs have taken appeals to the Court of Common Pleas and the Pennsylvania Commonwealth Court where said appeals were dismissed and the lower court decisions affirmed. Presently, there are no actions regarding this case in any state court.

Plaintiffs allege that they are unable to post a bond even for the first month and that this inability resulted in the dismissal with prejudice of the appeals before the Zoning Hearing Board and the Court of Common Pleas of Allegheny County. Plaintiffs assert that to date the Zoning Hearing Board has not held a hearing on the substantive validity of Ordinance No. 90.

## II.

Plaintiffs contend that they were denied due process and equal protection rights secured by the Fourteenth Amendment of the United States Constitution, as a result of the application to their appeals of the bond and permit provisions of the Pennsylvania Municipalities Code. Specifically, they assert that such denial resulted from the requirement that bond be posted to perfect an appeal regardless of both the merits of the appeal and the financial ability of the appellant. They also assert that at the hearings concerning the bond requirement they were precluded from submitting evidence on the merits of their appeals or on their financial ability to post bond. They acknowledge that these rulings are mandated under judicial interpretation of 53 P.S. 10916.

## III.

■ In any case in which application is made to a federal judge for the convocation of a three-judge court under 28 U.S.C. § 2281, that judge must initially determine whether jurisdiction exists in the district court. *Ex parte Poresky*, 290 U.S. 30, 54 S.Ct. 3, 78 L.Ed. 152 (1933). If the general requisites of federal jurisdiction are not present, the issue of whether or not to convene a three-judge court need not be decided. *Atlee v. Laird*, 339 F.Supp. 1347 (E.D.Pa.1972), *aff'd mem.* 411 U.S. 911, 93 S.Ct. 1545, 36 L.Ed.2d 304 (1973).

■ It thus becomes necessary for this court to determine which of the grounds for dismissal alleged by the defendants involve jurisdictional grounds we must consider prior to authorizing a three-judge court.

Defendants argue that the acts averred in plaintiffs' complaint do not fall within the purview of 42 U.S.C. §§ 1983, 1985. Since this allegation goes to the merits a single judge cannot consider it. *Fort v. Daley*, 431 F.2d 1128 (7th Cir. 1970).

Both the defendants and the intervenor in their motions to dismiss refer to plaintiffs' pending state court proceedings as grounds for dismissal. According to the Stipulation (filed Feb. 17, 1977) and the Supplement to Stipulation (filed May 12, 1977), there are no pending state court actions relating to matters involved in our case. Therefore, it is unnecessary to rule on those grounds for dismissal as they are now moot.

Both the defendants and the intervenor allege that the judge who issued the bond order must be joined in this action. The question of joinder of such a party does not relate to whether or not the district court has jurisdiction at this point in time; therefore, we will not rule on that allegation.

Intervenor alleges that the plaintiffs have failed to state a claim upon which relief can be granted and that the permit requirement of the statute in question is now moot. Such allegations require a judge to go beyond an inquiry into whether or not the court has jurisdiction. At this stage in the proceedings, the court can look only at whether or not federal jurisdiction is present.

We find that this court has general federal jurisdiction.

This court is without the power to rule on grounds for dismissal which are non-jurisdictional. Of course, defendants and intervenor can renew their motions at a more appropriate time.

### IV.

■ Since plaintiffs have requested the convocation of a three-judge court, our primary duty now is to determine whether a three-judge court should be empanelled. This priority is dictated by rulings to the effect that while the single-judge court must decide the "jurisdictional" questions of whether a three-judge court is required, *Fort v. Daley*, 431 F.2d 1128, 1131 (7th Cir. 1970); *Majuri v. United States*, 431 F.2d 469, 474 (3d Cir.), *cert. denied*, 400 U.S. 943, 91 S.Ct. 245, 27 L.Ed.2d 248 (1970), the single-judge court does not have "jurisdiction to proceed to the merits of plaintiffs' claim if formation of this special tribunal is required," *Police Officers' Guild v. Washington*, 369 F.Supp. 543, 548 (D.D.C.1973); *Fort v. Daley*, 431 F.2d at 1131. While 28 U.S.C. § 2284(5) states that "(a) single judge shall not . . . dismiss the action, or enter a summary and final judgment," this provision has been interpreted uniformly to limit the single-judge's power only after a three-judge court has been convened. *See, e. g., Atlee v. Laird*, 339 F.Supp. 1347, 1350 (E.D.Pa.1972), *aff'd mem.* 411 U.S. 911, 93 S.Ct. 1545, 36 L.Ed.2d 304 (1973).

As the Third Circuit observed: "The duty of a district judge in considering an application for a statutory three-judge court is set forth in *Idlewild Bon Voyage Liquor Corp. v. Epstein* [370 U.S. 713, 82 S.Ct. 1294, 8 L.Ed.2d 794 (1962)]. *Chlystek v. Kane*, 540 F.2d 171, 172–73 (3d Cir. 1976).

> "[T]he court's inquiry is appropriately limited to determining whether the constitutional question raised is substantial, whether the complaint at least formally alleges a basis for equitable relief, and whether the case presented otherwise comes within the requirement of the three-judge statute."

*Idlewild Bon Voyage Liquor Corp. v. Epstein*, 370 U.S. at 715, 82 S.Ct. at 1296.

■ The case presented must satisfy each of the above three requirements before certification to a three-judge court is appropriate. *Idlewild, supra*, 370 U.S. at 715, 82 S.Ct. 1294; *Gonzalez v. Automatic Employees Credit Union*, 419 U.S. 90, 94, 95 S.Ct. 289, 42 L.Ed.2d 249 (1974).

■ This court must take the allegations in the complaint as true for purposes of determining whether the statutory court is required. *Reed Enterprises v. Corcoran*, 122 U.S.App.D.C. 387, 354 F.2d 519, 522 (1965); see also *Goosby v. Osser*, 409 U.S.

512, 521, N.7, 93 S.Ct. 854, 35 L.Ed.2d 36 (1973). The single judge can neither evaluate the merits of the claim, *Fort, supra,* nor extend his inquiry beyond the face of the pleadings, *Dale v. Hahn,* 440 F.2d 633, 639, N.11 (2d Cir. 1971); *Pederson v. Brier,* 327 F.Supp. 1382, 1385, N.3 (E.D.Wis.1971). However, the mere formalities of a plaintiff's prayer for relief or conclusary allegations to the effect that the action satisfies the prerequisites for convening the special court do not oblige the single judge to certify the action for consideration by a three-judge court. *Majuri v. United States,* 431 F.2d at 473 (3d Cir. 1970); *Rowland v. Tarr,* 341 F.Supp. 339, 341 N.4 (E.D.Pa. 1972), *aff'd in part, vacated in part on other grounds,* 480 F.2d 545 (3d Cir. 1973). That is, the single judge may scrutinize the substantive allegations of the complaint in determining the propriety of the three-judge court request. *Brennan v. Greenbaum,* 377 F.Supp. 459, 462 (E.D.Pa.1974).

■ First, under the mandates of *Idlewild, supra,* we must consider the question of whether plaintiffs' allegations raise a substantial constitutional or federal question in determining the propriety of plaintiffs' three-judge court request. The district court's decision in *Chlystek v. Kane* recognized that it is error to deny a three-judge court on the ground that no substantial federal question is presented unless plaintiffs' claim is frivolous in the sense of being "wholly foreclosed by prior Supreme Court decisions . . . ." 412 F.Supp. 20, at 21–22 (W.D.Pa.1976). A claim is insubstantial only if "its unsoundness so clearly results from the previous decisions of this court as to foreclose the subject and leave no room for the inference that the questions sought to be raised can be the subject of controversy." *Goosby v. Osser,* 409 U.S. 512, 518, 93 S.Ct. 854, 859, 35 L.Ed.2d 36 (1973).

We are aware of no case in which the United States Supreme Court has decided whether or not 14th Amendment rights are violated when the singular procedure for perfecting substantive zoning appeals includes the potential requirement of a bond without any consideration of the merits of the appeal and the financial ability of the appellant. As substantiality must rest upon the specific decisions of the Supreme Court, according to *Goosby, supra,* we believe that plaintiffs' allegation that an exclusive procedure which permits some people to perfect a substantive zoning appeal while precluding nonaffluent others from availing themselves of the appeal procedure is a denial of due process and equal protection, is a substantial constitutional question.

We must also determine whether the complaint at least formally alleges a basis for equitable relief. *Idlewild, supra.* The question for the district court is not whether equitable relief should issue, but whether the complaint on its face alleges a sufficient basis for such relief. *Chlystek v. Kane,* 540 F.2d 171, 174 (3d Cir. 1976).

■ The usual prerequisites for equitable relief of irreparable harm and inadequate remedy at law must be met. *See* Nielsen, *Three Judge Courts: A Comprehensive Study,* 66 F.R.D. 495 (1975). Intervenor in its Motion to Dismiss claims that plaintiffs have failed to state a claim upon which relief can be granted as plaintiffs have not averred that they are threatened by immediate and irreparable injury or that they lack an adequate remedy at law. In its hornbook law that specific allegations of irreparable injury and inadequate remedy at law are not necessary if the averments as a whole show that this would be the result of the acts complained of. 43A C.J.S. Injunctions § 195b; *Nemser v. Aviation Corp.,* 47 F.Supp. 515 (D.D.1942). It is the duty of the district court judge to examine the complaint for substantive allegations which would support a claim for injunctive relief and not to look merely at the prayer for relief. *Majuri v. United States,* 431 F.2d 469 (3d Cir. 1970). It has been stated that irreparable injury is one basis, probably the major one, for showing of inadequacy of any legal remedy, and that often the concepts of "irreparable injury" and "no adequate remedy at law" are indistinguishable. *Lewis v. Baune,* 534 F.2d 1115 (5th Cir. 1976).

Upon careful reading of the complaint, we find that plaintiffs have at least formally alleged facts which would support a claim for injunctive relief. Plaintiffs have, therefore, met the second requirement of *Idlewild, supra.*

The last requirement of *Idlewild*, whether the case presented otherwise comes within the requirement of the three-judge statute relates to whether the challenged statute has state-wide application. *Charlett v. Moschetti*, C.A. 75–705 (W.D.Pa.1976); *Sands v. Wainwright*, 491 F.2d 417, 421–422 (5th Cir. 1973), *cert. denied sub nom. Guajardo v. Estelle*, 416 U.S. 992, 94 S.Ct. 2403, 40 L.Ed.2d 771 (1974). It is uncontroverted that the Pennsylvania Municipalities Planning Code is being implemented throughout the Commonwealth.

We find that this action meets the requirements of *Idlewild, supra,* and the plaintiffs' request for the convening of a three-judge court will be granted. I am requesting the Chief Judge of the Circuit to convene a three-judge court to hear this action.

An appropriate order will follow.