Francis R. MITCHELL; Bob's
Discount Adult Books, Inc.

v.

COMMISSION ON ADULT ENTERTAINMENT ESTABLISHMENTS OF the STATE OF DELAWARE, an entity within the State of Delaware, Department of Administrative Services, Division of Business and Occupational Regulation; Charles M. Oberly, III, in his official capacity as Attorney General of the State of Delaware; State of Delaware,

Francis R. Mitchell and Bob's Discount Adult Books, Inc., a corporation of the State of Delaware, Appellants.

No. 92–7507.

United States Court of Appeals,
Third Circuit.

Argued June 22, 1993.

Decided Dec. 29, 1993.

Lewis H. Robertson (Argued), Evans, Osborne & Kreizman, Red Bank, NJ, for appellants.

John J. Polk (argued), Dept. of Justice, State of Del., Wilmington, DE, for appellees.

Before: STAPLETON, MANSMANN and HUTCHINSON, Circuit Judges.

### OPINION OF THE COURT

STAPLETON, Circuit Judge:

This is an appeal from a denial of a motion for an award of costs under 42 U.S.C. § 1988. Those costs were incurred in a suit involving a constitutional challenge to Delaware's Adult Entertainment Establishments Act ("the Act"), Del.Code Ann. tit. 24, §§ 1601–1629 (1987).

### I.

The appellants are Bob's Discount Adult Books, Inc. and Francis R. Mitchell ("Mitchell"). The appellees are the Commission on Adult Entertainment Establishments of the State of Delaware ("the Commission"), a statewide agency of the state, Charles M. Oberly, III ("Oberly"), in his official capacity as Attorney General of the State of Delaware, and the State of Delaware.

In December 1985, after two of Mitchell's employees were convicted of conspiracy to commit prostitution, the Commission revoked Mitchell's license to present live entertainment and movies in private viewing booths and imposed a $10,000 fine pursuant to § 1617 of the Act. Mitchell sought injunctive relief alleging that the Act, and § 1617 in particular, violated first amendment guarantees of free speech. In July 1986, the district court denied Mitchell's motion for a preliminary injunction. *Mitchell v. Comm'n on Adult Entertainment Establishments*, C.A. No. 85–735 MMS (D.Del. July 3, 1986), *aff'd*, 810 F.2d 1164 (3d Cir.1987).

In October 1987, Mitchell filed a motion for summary judgment and the Commission filed a cross-motion for summary judgment. The district court denied Mitchell's motion and granted partial summary judgment to the Commission upholding the constitutionality of § 1617. The court did not address the issue of the constitutionality of the Act as a whole. *Mitchell v. Comm'n on Adult Entertainment Establishments*, C.A. No. 85–735 MMS (D.Del. April 14, 1988).

Also in October 1987, Mitchell applied for a new license. The Commission held a hearing in November 1987 but had not acted on the application as of November 8, 1989. The district court then permitted Mitchell to amend his complaint and add claims related to the Commission's inaction. *Mitchell v. Comm'n on Adult Entertainment Establishments*, C.A. No. 85–735 MMS (D.Del. Nov. 8, 1989).

In January 1991, the district court entered an order granting Mitchell's motion for summary judgment "insofar as it [sought] declaratory and injunctive relief from the $10,000 fine ... [and] from the bond requirement." The district court ruled that the absence of regulations implementing the Act left the Commission without authority to impose a fine. Since the bond requirement existed only to insure payment of a fine, the district

court held that it bore no rational relation to any governmental interest and was therefore unconstitutional. *Mitchell v. Comm'n on Adult Entertainment Establishments*, C.A. No. 85–735 MMS (D.Del. Jan. 3, 1989).

On May 17, 1991, the district court upheld the constitutionality of the Act as a whole, but also ruled that the Commission's failure to act upon the application was constitutionally impermissible. The court ordered the Commission to act upon the application within ten days. *Mitchell v. Comm'n on Adult Entertainment Establishments*, 764 F.Supp. 928 (D.Del.1991). The court entered an order terminating the litigation.

The Commission complied with the mandate of the district court and met on May 23, 1991, to consider the dormant license application. Shortly thereafter, it sent a letter to Mitchell proposing a settlement under which it would agree to issue a new license if Mitchell would "agree to supplement the ... live peep application with updated employee information and [would] agree not to appeal Judge Schwartz's decisions to date in this case." Appellants' App. at 150. Mitchell accepted this "offer of settlement" by letter dated the same day. In the letter, Mitchell expressly stated that "by accepting the Commission's offer, the plaintiffs have not waived the right to make application for costs pursuant to 42 U.S.C. § 1988." *Id.* at 151.

Mitchell thereafter moved for an order assessing § 1988 costs against the Commission and Oberly. This motion was denied in a memorandum opinion, and the district court reaffirmed its decision in response to a motion to reconsider. This appeal followed.

### II. *The Liability of the Commission for Costs under 42 U.S.C. § 1988.*

As the Commission acknowledges, Mitchell was a prevailing party with respect to it within the meaning of § 1988. The fine and corresponding surety bond requirement were declared invalid and injunctive relief was granted requiring immediate action on the long-pending license application.[1] Rather,

the Commission resists an award of § 1988 costs on the grounds that it is an agency of the State of Delaware and therefore enjoys immunity from suit in federal court under the eleventh amendment, and also that it is not a person for purposes of 42 U.S.C. § 1983. Mitchell responds that both of these defenses have been waived or are otherwise barred.

■ This is clearly a suit against a state agency, and the Commission was entitled to eleventh amendment immunity. *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989). If, however, a state presents an "unequivocal indication" of consent to federal jurisdiction in a suit otherwise barred, eleventh amendment immunity can be waived. *Atascadero State Hospital v. Scanlon*, 473 U.S. 234, 238, 105 S.Ct. 3142, 3145, 87 L.Ed.2d 171 (1985).

The Commission raised the eleventh amendment immunity in the district court, but the court necessarily rejected that defense when it entered its injunction and declaratory judgment on January 3, 1991, and its final judgment on May 17, 1991. The Commission elected not to appeal the district court's judgments, and Mitchell insists that this fact alone precludes the Commission from raising the eleventh amendment as a defense to the imposition of costs under § 1988. Mitchell cites our dictum in *Vecchione v. Wohlgemuth*, 558 F.2d 150, 159 (3d Cir.1977), *cert. denied*, 434 U.S. 943, 98 S.Ct. 439, 54 L.Ed.2d 304 (1977):

> If, as the cases indicate, eleventh amendment immunity from suit in a federal court may be waived, that waiver must be deemed to have become final at the latest when the resulting judgment has become final. Otherwise a judgment in a suit in which the state appears and litigates would, as we said with respect to the suit against the officers, be a mere advisory opinion.

■ Our cases indicate that, where nonwaivable subject matter jurisdiction is lack-

---

1. While the district court elected not to reach Mitchell's constitutional challenge to the fine because it found the fine infirm under state law, this election did not deprive Mitchell of prevail-

ing party status under § 1988 on his fine claim. *E.g., Milwe v. Cavuoto*, 653 F.2d 80, 84 (2d Cir.1981); *Kimbrough v. Arkansas Activities Ass'n*, 574 F.2d 423, 426–27 (8th Cir.1978).

ing but not raised, a final judgment has *res judicata* effect in a subsequent proceeding, and a collateral attack based on the want of subject matter jurisdiction is barred. *Hodge v. Hodge,* 621 F.2d 590, 592 (3d Cir.1980) ("It was settled long ago ... that when a federal court proceeds to final judgment on the merits, the issue of its subject matter jurisdiction is *res judicata* even though it was not litigated ..."); *see also Kock v. Government of Virgin Islands,* 811 F.2d 240, 242–243 (3d Cir.1987).

■ Here, of course, eleventh amendment immunity was raised and rejected by the district court. While the Commission's collateral attack comes in a supplementary proceeding rather than in an entirely new case, the finality concerns that give rise to the doctrines of *res judicata* and the law of the case seem as applicable here as they would be in the context of a new case. *Chlystek v. Kane,* 540 F.2d 171, 173 (3d Cir.1976). We need not so hold in this case, however.

The Commission not only failed to appeal the judgment that overruled its eleventh amendment defense, it affirmatively embraced that judgment. After three years of stonewalling, the Commission promptly implemented the injunction of May 17, 1991, by meeting to entertain Mitchell's license application. The Commission then agreed to forego an appeal and accept the district court's judgment in return for Mitchell's giving up his right to appeal the substantial issues which the district court decided against him. To say that the Commission can now collaterally attack the judgment on eleventh amendment grounds would be the same as saying that, despite the settlement it voluntarily entered, the Commission was free at any time thereafter to disavow the judgment on eleventh amendment grounds, rescind the license it issued pursuant to the settlement, and attempt to collect the $10,000 fine. We hold that by voluntarily implementing the judgment and by using it to secure a settlement, the Commission affirmatively accepted that judgment, including the authority of the district court to enter it.

Insofar as its jurisdictional challenge is concerned, the Commission is thus left only with the argument that, although it may have surrendered its eleventh amendment immunity with respect to the judgment, it should not be precluded from asserting that immunity with respect to the application for counsel fees. We decline to accept that argument. At least in the absence of any express reservation, we hold that acceptance of a judgment by a state agency constitutes an acceptance of the various collateral effects of that judgment, including liability for any costs to which the judgment gives rise.

In an analogous case, *Garrity v. Sununu,* 752 F.2d 727 (1st Cir.1984), the State of New Hampshire, after affirmatively embracing a judgment against it, asserted an eleventh amendment defense in response to a claim for attorneys' fees. The court rejected that defense, observing:

> While failure to object or appeal may alone be insufficient indicia of consent, we think that the totality of the defendants' and New Hampshire's conduct here reflects "unequivocal consent" to the jurisdiction of the federal court in this matter. The state has affirmatively complied with most of the court's implementation order—never once objecting on grounds of the eleventh amendment or sovereign immunity. We think it has effectively consented to the court's jurisdiction in respect to these nearly completed events.

*Id.* at 738.

■ The Commission's alternative defense that it is not a "person" as that term is used in 42 U.S.C. § 1983 can fare no better, of course, than its eleventh amendment one. The eleventh amendment is quasi-jurisdictional; the alternative statutory defense is non-jurisdictional and should have been raised in a motion under Fed.R.Civ.P. 12(b)(6). It is well settled that a defense of failure to state a claim cannot be asserted following a failure to appeal a final judgment. *See, e.g., United States v. Stuart,* 689 F.2d 759, 761–62 (8th Cir.1982), *cert. denied,* 460 U.S. 1037, 103 S.Ct. 1427, 75 L.Ed.2d 788 (1983). *Howlett v. Rose,* 496 U.S. 356, 376, 110 S.Ct. 2430, 2442, 110 L.Ed.2d 332 (1990) is not to the contrary.

### III. *The Liability of Attorney General Oberly for Costs under § 1988.*

■ Attorney General Oberly was sued as Delaware's chief law enforcement officer under the theory of liability articulated by the Supreme Court in *Ex parte Young,* 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 (1908). Mitchell sought a declaratory judgment and injunctive relief against Oberly to dissuade and coerce him to refrain from enforcing the statute and the fine imposed pursuant to it. Oberly's sole defense to the application for § 1988 costs is that no meaningful relief was granted against him. We disagree and if additional costs were incurred in order to demonstrate that Mitchell was entitled to relief against Oberly, we hold that they are recoverable.

When Mitchell filed suit against Oberly, he had a $10,000 fine outstanding against him. Under Delaware law, the Attorney General was the state official authorized to commence proceedings to collect the fine or impose sanctions for not paying it. The Court did enter a declaratory judgment, binding on Oberly, that the fine was invalid. The fact that the district court found it unnecessary to enjoin the Attorney General as well does not mean that Mitchell was not a prevailing party as to him. The district court undoubtedly expected that Delaware's Attorney General would abide by its rulings unless and until they were reversed. However, if Oberly, after the entry of the declaratory judgment, had threatened to enforce the fine, an injunction would undoubtedly have followed.

### IV.

The order of the district court declining to impose costs under 42 U.S.C. § 1988 will be reversed, and this case will be remanded to the district court so that those costs can be quantified.